**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOHN RANDALL FUTCH, | : | **Hon. Renée Marie Bumb** |
|  | : |  |
| Petitioner, | : | Civil No. 09-0845 (RMB) |
| v. | : |  |
|  | : |  |
| J. GRONDOLSKY, | : | **OPINION** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> JOHN RANDALL FUTCH, #08700-021, Pro Se
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey  08640

**BUMB, District Judge**

Petitioner, John Randall Futch, a prisoner at FCI Fort Dix in New Jersey, seeks a Writ of Mandamus pursuant to 28 U.S.C. § 1361 to compel the Warden of the facility to issue a disciplinary hearing decision for a hearing that occurred January 29, 2009, respond to his administrative remedy request dated January 23, 2009, and respond to his various requests for legal materials. Because the true nature of the pleading is a civil rights action, the requirements of the Prison Litigation Reform Act apply to Petitioner's application to proceed in forma pauperis pursuant to

28 U.S.C. § 1915.  See Madden v. Myers, 102 F. 3d 74, 78 (3d Cir. 1996).[1]

The  PLRA prohibits a prisoner from bringing a civil action under § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Petitioner has had three prior qualifying dismissals under § 1915(g).  See Futch v. Wheeler, Civil No. 07-1163 (HAB) order (C.D. Ill. Oct. 22, 2007); Futch v. Finnerty, Civil No. 05-2529 (HFF) judgment (D. S.C. Nov. 8, 2005); Futch v. Davis, Civil No. 05-2589 (HFF) judgment (D. S.C. Oct. 26, 2005).  Because the allegations set forth in Petitioner's pleading do not insinuate that he is under imminent danger of serious physical injury, this Court will deny his application to proceed in forma pauperis, without prejudice to

---

[1] Although the PLRA does not apply to a bona fide mandamus petition, Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), or a bona fide habeas corpus petition, Santana v. United States, 98 F.3d 752 (3d Cir. 1996), the PLRA applies when a prisoner brings any civil action in forma pauperis, Santana, 98 F.3d at 754; 28 U.S.C. § 1915(b)(1).  In determining the applicability of the PLRA, a district court is required to consider the true nature of the document, rather than the label attached by the prisoner. Madden, 102 F.3d at 78-9.

the filing of the matter as a prepaid civil complaint if Petitioner pays the $350.00 filing fee within 30 days.[2]

Alternatively, to the extent that the true nature of one or more of Petitioner's claims is a mandamus action under 28 U.S.C. § 1361, then the petition will be dismissed because it is clear that no writ of mandamus could properly issue in this case. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984).  See also Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988) ("The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a clear nondiscretionary duty") (citation and internal quotation marks omitted).

Here, Petitioner has not shown that Warden Grondolsky has a clear nondiscretionary duty to perform the requested acts, i.e., issue a decision on Petitioner's January 29, 2009, disciplinary

---

[2] In that case, this Court will reopen the case and screen the complaint for dismissal, as required by 28 U.S.C. § 1915A.

3

hearing, respond to Petitioner's various requests for law library materials, or respond to Petitioner's administrative remedy request dated January 23, 2009.  Nor has Petitioner shown that he has no adequate remedy other than mandamus.  Clearly, Petitioner could file an administrative remedy request regarding the alleged failure to respond to his various requests for legal materials.[3]  And Petitioner may consider the Warden's failure to timely respond to Petitioner's administrative remedy request dated January 23, 2009, as a denial, which Petitioner may appeal to the Regional Director of the Bureau of Prisons.  See 28 C.F.R. § 542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level"); 28 U.S.C. § 542.15(a) ("An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response").  Petitioner could similarly appeal the failure to issue a disciplinary hearing decision to the Regional Director. See 28 C.F.R. § 542.14(d)(2) ("DHO appeals shall be submitted initially to the Regional Director for the region where the

---

[3] The Administrative Remedy Program is a three-tier process available to inmates confined in institutions operated by the BOP who "seek formal review of an issue relating to any aspect of his/her confinement."  28 C.F.R. § 542.10(a).

4

inmate is currently located"). Because Petitioner has not shown that no other remedy is available, he is not entitled to mandamus relief under § 1361.  See Lauersen v. Durling, 187 Fed. Appx. 250 (3d Cir. 2006) (mandamus petitioner who has not appealed decision of Immigration Judge to Board of Immigration Appeals is not entitled to mandamus relief because he failed to exhaust all other avenues of relief).

To summarize, to the extent that Petitioner's pleading is a civil rights action rather than a bona fide mandamus petition, this Court will deny his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).  To the extent that Petitioner may pursue his claims under 28 U.S.C. § 1361, his application to proceed in forma pauperis will be granted and the Petition will be dismissed because Petitioner is not entitled to mandamus relief.

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            United States District Judge

Dated: February 27, 2009